### ROWLAND ET AL vs. UPDIKE ET. AL.

Where one party proves title by documentary evidence, and the opposite party rests his claim of title solely upon adverse possession, the burthen of proof is upon the latter, and he must prove such adverse possession beyond a reasonable doubt.

In ejectment. On motion for a new trial.

Argued before the CHIEF JUSTICE and Justices WHELP-LEY, VAN DYKE, and VREDENBURGH.

*Hageman*, for the plaintiffs.

*Lytle*, for the defendants.

The opinion of the court was delivered by the

CHIEF JUSTICE. The plaintiffs, on the trial, having shown a clear documentary title to the premises in dispute, the defence rested solely on the claim of adverse possession. The burthen of proof was, therefore, upon the defendants. It was incumbent upon them to establish the fact of adverse possession beyond a reasonable doubt. The jury having found for the defendants, a new trial is asked, upon the ground that the verdict is against the weight of evidence.

The evidence on the part of the defendant does not clearly establish the fact of adverse possession. There is evident doubt and uncertainty in the minds of all the witnesses as to the precise position of the rear buildings,

1*

which from time to time have been erected on the defendants' premises. It is by no means clear, from the evidence, that any of them occupied the entire ground now claimed by the defendants. On the contrary, the natural presumption, if not the necessary inference from a part of the defendants' evidence, would seem to be that there has been an encroachment to some extent upon the plaintiffs' land.

The west line of the defendants' lot is not at right angles to the street, but makes an acute angle with the line of the street on the defendants' side of the line. The defendants' building is at right angles to the street. The west end of the house at the street is several feet from the west line of the lot; but as the line of the lot runs obliquely, and the line of the house at right angles to the street, they necessarily approach each other, and the convergence is so great that the lines intersect at or near the rear of the front building which anciently stood on the defendants' land. When buildings were added extending further in the rear, they necessarily encroached upon the plaintiffs' lot, and the further they were extended the greater must have been the encroachment, if the line of the buildings was continued at right angles to the street.

There were then two questions of fact before the jury, viz. whether the west line of the defendants' new building corresponded in its course with the old one, and also whether it extended further in the rear. One of the most reliable witnesses for the defence, who once owned the defendants' lot, and erected one of the rear buildings which formerly stood upon it, testifies that the line of the old rear building was not at right angles to the street. He says he "skewed his building a little, six or eight inches." He kept on the line of the old foundation as long as that continued, and then bore to the east. If this be so, and if, as appears by the evidence, the defendants' new build ing is extended at right angles to the street, it must of

necessity occupy more of the plaintiffs' lot than was occupied by the old buildings.

The verdict must be set aside and a new trial granted.