JULIUS H. PRATT

v.

THE ROSELAND RAILWAY COMPANY and JOHN J. VAN
ORDER.

1. A railroad corporation organized under the General Railroad law cannot
lawfully enter upon any land in which there are successive estates, for the pur-
pose of constructing its road thereon, without the consent of the owners, until
it has first made compensation to the owners of both the present and future
estates therein.

2. In case a railroad corporation attempts to take lands for the purpose of
constructing its road thereon against the will of the owner, and without first
making compensation therefor, an injunction will be granted, though such
taking results in no irreparable damage to the owner.

On motion for an injunction, heard on bill and affidavit, order
to show cause and affidavits on the part of the defendants.

*Mr. John W. Taylor*, for the motion.

*Mr. Cortlandt Parker*, contra.

VAN FLEET, V. C.

The complainant is the owner of a small tract of land, contain-
ing less than an acre, situate in the township of Caldwell, in the
county of Essex. The land was sold for taxes in 1884 under the
statute of 1879, and purchased by the defendant, Van Order, for
a term of thirty years. His term will not expire until 1914.
The statute of 1879 makes taxes the first and paramount lien on
the land against which they are assessed (*Rev. Sup. p. 990 § 50*),
and also declares that a purchaser, under a sale and conveyance
made in enforcing such lien, shall hold the land so acquired for
his own use, benefit and advantage against the owner, and all
persons claiming under him, and against all other estates therein,
and against all other liens thereon, as fully and completely as
though there were no other estates therein or lien thereon until
the term for which he purchased is fully completed and ended.

*Rev. Sup. p. 992 § 58.* The corporate defendant was organized under the General Railroad law for the purpose of constructing and operating a railroad from a point in the village of Caldwell, in the county of Essex, to a point in the neighborhood of Rose-land, in the same county. It has located its road across the front of the complainant's lot, and in grading its road-bed it has made an excavation on the complainant's lot varying in depth from two to three feet. Van Order gave it authority to use the land for the purposes of its road. Its acts, therefore, so far as he is concerned, are perfectly lawful. But it has acquired no right to the land as against the complainant. It appears, on the contrary, that it took possession of it against his remonstrance. The complainant charges, and the charge is not denied, that Van Order intends to use the rear of the lot in question for a coal yard, and in order to make such use more profitable and convenient than it would otherwise be, he proposes to lay tracks connecting his yard with the defendant's railroad. On these facts the complainant insists that he is entitled to two measures of relief—*first*, that the corporate defendant be restrained from further construct-ing its railroad on the land in question until it has made com-pensation to him for his estate therein ; and, *second*, that Van Order be enjoined from laying tracks thereon for the purpose of connecting his coal yard with the defendant's railroad.

It is clear that the relief sought against Van Order cannot be granted. He has a right, as against the complainant, to the exclusive possession and enjoyment of the land until 1914, and may, in the meantime, appropriate it to any lawful use. He may construct a railroad on it for his own use, or erect a build-ing on it, or use it for any other purpose to which a private owner may lawfully appropriate his land. That his dominion over the land, under his deed, was intended to embrace such uses, is manifest, in my judgment, from that provision of the statute which confers upon the purchaser of land, sold for taxes, the right to remove, at or before the expiration of his term, any building or material which he may have erected or placed thereon. *Rev. Sup. p. 992 § 58.* The use which Van Order intends to make of this land is, in my opinion, perfectly lawful, and one which the

complainant has no right to challenge. As against him the order to show cause must, therefore, be discharged, with costs.

But the case against the corporate defendant stands on an entirely different foundation. The corporate defendant possesses no powers and has no rights except such as are conferred upon it and granted to it by the statute under which it was organized. That statute gives it power to take land for the purposes of its road, either by grant or the exercise of the right of eminent domain, but the power so granted is subject to this important limitation ; that it shall not enter upon any land for the purpose of building its road thereon, without the consent of the owner or owners, until it has first made compensation for the same. This limitation is found in the ninety-ninth section of the General Railroad law, and the words in which it is expressed are :

"Provided always, that the payment or tender of the payment of all damages for the occupancy of all lands through, under or upon which the said railroad and its conveniences, appurtenances and appendages may be laid out or located, be made before the said company, or any person under their direction or employ, shall enter upon or break ground in the premises, except for the purpose of surveying and laying out said railroad and its conveniences, appurtenances and appendages, and of locating the same, unless the consent of the owner or owners of such lands be first had and obtained." *Rev. pp. 927, 928.*

The meaning of this provision when considered, as it must be, in connection with that limitation which the constitution puts upon the power of the legislature when it declares that "individuals or private corporations shall not be authorized to take private property for public use without just compensation first made to the owners," is made, as I think, perfectly plain, and it is this : That no railroad corporation, organized under the General Railroad law, shall have a right to enter upon any land in which there are successive estates, for the purpose of constructing its road thereon, without the consent of its owners, until it has first made just compensation to the owners of both the present estate and the estate in reversion or remainder. The sixth section of the charter of the Elizabeth Town and Somerville Railroad Company contains a proviso identical in substance with that just quoted from the General Railroad law, and Chancellor Pen-

Pratt v. Roseland Railway Co.

·nington, in *Ross* v. *Elizabeth Town and Somerville R. R. Co.*, *1 Gr. Ch. 422*, held, in construing this proviso, that a condemnation against the owner of the present estate in the land—and in that case the owner of the present estate was a tenant in dower—gave the corporation no right whatever against the remainder-men, and that until compensation was made to them, the land ·could not lawfully be appropriated by the corporation. And he, therefore, refused to dissolve an injunction, which had been granted on the application of the remaindermen, restraining the ·corporation from constructing its road on the land until compensation was made to the remaindermen. He said (*p. 433*) that the design of the proviso was "nothing more nor less than that the land to be occupied by the line of the road shall be first paid for, and to those who have rights in the same. Those in re-mainder have, therefore, as strong, and in many cases a much stronger, claim for damages than the present occupant. * * * The claims of all persons having rights in the land are clearly to be satisfied, as well those who have reversionary interests as those having the present estate." Adopting this as a correct exposition of the law, as I think we must, it is made manifest that the defendant's appropriation of the land in question to the purposes of its railroad, is not only without authority of law as against the complainant, but in direct violation of a right guaranteed to him by the constitution.

The case presents another question—does such a wrong entitle the complainant to an injunction? It is certain that the defend-ant's occupation of the land does not, at present, do the complainant any irreparable damage in the sense in which that phrase is ordinarily understood. He has no right to the present enjoyment of the land. The outstanding term, which has been granted against him, will not expire for more than twenty years .to come, so that the defendant's occupation of the land cannot, during that period, take anything from him to which he will have .the least right. When the outstanding term shall have expired, he will have a right to have the land surrendered to him in as .good state and condition as it was in when the purchaser, under .the tax-sale, took possession of it, damage resulting from the

Pratt v. Roseland Railway Co.

ordinary use and the elements excepted. *Rev. Sup. p. 992 § 58.*
But this is the whole extent of his right. So that I think it is·
obvious that if this were a suit between private persons, involv--
ing nothing but strictly private rights, no injunction could be·
granted, for the reason that no irreparable present damage is·
shown, nor is it at all certain that any will ever be done. But a
widely different rule prevails in cases where a corporation, having·
authority to take land on condition that it shall pay for the land·
before appropriating it, attempts to appropriate the land to its·
own use against the will of its owner and without paying for it..
In that class of cases no irreparable damage need be shown, but
the court will exercise its prohibitory power as soon as it is made·
to appear that the corporation is attempting to appropriate the·
land against the will of its owner and contrary to the terms of.
its charter. Mr. Kerr, in his treatise on the *Law of Injunctions*;.
states the rule on this subject in this wise :

"A private person who applies for an injunction to restrain a public incor-
porated company * * * from entering illegally on his land, is not required
to make out a case of destructive trespass or irreparable damage. The inability
of private persons to contend with these powerful bodies, which have often
large sums of money at their disposal, and are often too prone to act in an·
arbitrary and oppressive manner, raises an equity for the prompt interference
of the court to keep them within the strict limits of their statutory powers, and·
prevent them from deviating in the smallest degree from the terms prescribed·
by the statute which gives them authority." *Kerr Inj. 295.*

Other authors state the rule in substantially the same way.
*1 High Inj. § 622 ; Lew. Em. Dom. § 632.* This rule has been
repeatedly recognized in this state; notably so by Chancellor
Pennington in *Ross* v. *Elizabeth Town and Somerville R. R. Co.,*
*supra,* and by Chancellor Zabriskie in *Stevens* v. *Paterson and*
*Newark R. R. Co., 5 C. E. Gr. 126, 129,* and by Chancellor
Runyon in *Morris and Essex R. R. Co.* v. *Hudson Tunnel R.*
*R. Co., 10 C. E. Gr. 384, 387.* I think I am bound to regard·
it as the established law of this court.

An injunction must issue restraining the corporate defendant
from further constructing its railroad on the land in question,.
until it shall have made just compensation to the complainant
for his estate in the same.