NORTHERN RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF, v. EDWIN DEMAREST, DEFENDANT.

Argued June 3, 1919—Decided November 25, 1919.

1. In ejectment the defendant can never defend his possession against the plaintiff upon a title in himself by which he could not recover the possession if he were out and the plaintiff in possession.

2. In ejectment, where plaintiff proves title in himself, the burden is cast upon defendant to prove that he has been in possession for the statutory period necessary to give him a right to possession superior to plaintiff's title, and to sustain such burden defendant must prove that he and those under whom he claims has held adverse possession for twenty years. If the defendant fails in such proof it is immaterial whether plaintiff has been in possession at any time within twenty years, for the legal title draws to it the possession, and defendant must overcome that status by clear and convincing evidence.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *Collins & Corbin.*

For the defendant, *John P. Stockton* and *Warren Dixon.*

The opinion of the court was delivered by

MINTURN, J. The suit was in ejectment, and was tried before a jury at the Bergen Circuit, and the verdict was for defendant. The premises in question, upon which coal pockets and a railroad siding leading thereto have been erected, are in the borough of Tenafly, Bergen county, and lie parallel to and immediately east of plaintiff's railroad tracks.

The plaintiff acquired title to the premises and adjoining lands by condemnation proceedings against Mary O'Kill and others in the year 1858. The Erie Railroad Company is the lessee of the Northern Railroad Company. Defendant denied plaintiff's title and claimed title by adverse possession, and also set up the statute of limitations.

Title to the middle third of the land passed from Peter Jay to his son James Jay, by descent, and he devised that portion of the tract in trust for his daughter, Mary O'Kill, with provision that if she made a will, or any writing, signed in the presence of three witnesses, before arriving at the age of sixty years, disposing of the property among her children or grandchildren, then the testator's executors were to distribute the property as directed by her. Mary O'Kill on April 14th, 1846, before she arrived at the age of sixty years, made her will, disposing of the property among her three children, James Jay O'Kill, Jane Swift and Mary Helena Mahan.

The condemnation proceedings by the Northern Railroad Company which were instituted in the year 1858, proceeded against Mary O'Kill and her three children. That company had power to condemn, and a certified copy of the condemna-

tion proceedings was admitted in evidence, as was also the lease by the Northern Railroad Company of New Jersey to the Erie Railroad Company.

Defendant objected to plaintiff's title on the ground that at the time of the condemnation proceedings the title to the land condemned was in the trustee under the will of James Jay and not in Mary O'Kill and her three children and that, as the trustee was not made a party to the condemnation proceedings, the proceedings were void.

The will of Mary O'Kill was decreed by the Court of Chancery of New Jersey to have been a valid exercise of the power of disposition or appointment given to her by the will of James Jay.

It is undoubted, however, that upon the making of the will of Mary O'Kill, which was prior to the condemnation proceedings, an equitable estate in fee passed to her three children, regardless of a conveyance by the trustee. *Cushing* v. *Blake,* 30 *N. J. Eq.* 689.

In any event the condemnation proceedings were valid, notwithstanding the trustee under the will of James Jay was not a party thereto, and in virtue thereof the railroad company acquired full rights against Mary O'Kill and her three children, who were the owners of the entire beneficial estate. *National Railway Co.* v. *Easton and Amboy Railroad Co.,* 36 *N. J. L.* 181.

Defendant also objected to plaintiff's title on the grounds that the description of the *locus in quo* contained in the petition for condemnation was not sufficient.

The description began at a specific point, easily ascertained, at the time of the proceedings, and ran by a definite course to a line which must also have been well fixed at that time. The width of the land to be taken as well as its area were therein set forth. This description was definite and certain. *Id certum est quod reddi postest certum.*

The supplement to the act incorporating the Northern Railroad Company of New Jersey, under which the condemnation proceedings were instituted, provides that a certified copy of the condemnation proceedings should at all times be

considered as plenary, evidence of the right of the company to have, hold, use, occupy, possess and enjoy the lands condemned. The company has been in actual possession of the land condemned, not including the *locus in quo,* for over fifty years, and in that situation there was a presumption of payment of the award. *Parisen* v. *New York and Long Branch Railroad Co.,* 65 *N. J. L.* 413.

The uncontradicted evidence and the maps proved that the premises in question are a part of the land acquired by the condemnation proceedings.

Defendant produced no evidence on' this subject; the evidence mentioned stood uncontradicted; and the fact that the *locus in quo* is a part of the lands condemned was thus conclusively proved.

Plaintiff's title to the premises having been proved, it was entitled to possession unless defendant had acquired a better right, and to establish that allegation defendant's claim was that he had acquired title by adverse possession.

There can be no question that if the defendant could maintain by adequate proof a title by adverse possession his right to possession would be complete, even as against the plaintiff, exercising a *quasi* public function under legislative authority. *Spottiswoode* v. *The M. & E. R. R. Co.,* 61 *N. J. L.* 322.

But the evidence established the fact by a great preponderance of testimony, that defendant had acquired no title by adverse possession within twenty years, and it therefore became immaterial whether plaintiff had maintained possession during that period. In ejectment the defendant can never defend his possession against the plaintiff upon a title in himself, by which he could not recover the possession if he were out and the plaintiff in possession. *Hickey* v. *Stewart,* 3 *How.* (*U. S.*) 750.

Where plaintiff proves title in himself the burden is cast upon defendant to prove that he has been in possession for the statutory period necessary to give him a right to possession superior to plaintiff's title, and to sustain such burden defendant must prove that he and those under whom he claims have held adverse possession for twenty years. If

the defendant fails in such proof it is immaterial whether plaintiff has been in possession at any time within twenty years, for the legal title draws to it the possession, and defendant must overcome that status by clear and convincing evidence. *Rowland* v. *Updike,* 28 *N. J. L.* 101; *Van Cleve* v. *Rook,* 40 *Id.* 25; *Myers* v. *Folkman,* 86 *Id.* 29.

The verdict of the jury so far as the side track is concerned, was clearly against the charge of the court, but we think the charge was incorrect. The charge left the jury to determine whether the premises form a part of the lands acquired by the Northern Railroad Company of New Jersey by its condemnation proceedings against Mary O'Kill and others, and also whether the plaintiff had been in possession of the premises within the last twenty years.

The undisputed testimony on behalf of the plaintiff and the filed maps proved conclusively that the premises in question are a part of the land condemned, and there was no question in that regard to be submitted to the jury. Defendant having failed to prove any claim by adverse possession, it was immaterial whether plaintiff had been in possession within the last twenty years, and that question therefore, should not have been submitted to the jury.

The charge left the jury to determine whether defendant's claim of adverse possession was proved by a fair preponderance of the evidence. In this we think there was error, for it has been held by this court that such a title must be proved by clear and convincing evidence. *Rowland* v. *Updike, supra; Myers* v. *Folkman, supra.*

In any event the burden was on defendant to prove that the possession by himself and his father was hostile and to do so he was compelled incidentally to prove that their possession was not permissive. There was no legal presumption that the possession by defendant and his father was hostile or inconsistent with the legal title, and there was no evidence of that character produced.

In such a situation the duty of the court to set aside a verdict clearly opposed to the great weight of testimony becomes manifest. *State* v. *Weinberger,* 87 *N. J. L.* 422; *Mount* v. *Loizeaux,* 86 *Id.* 511.

We find it unnecessary to advert to the other points discussed in the briefs, for upon the general grounds stated the judgment of the court below is devoid of legal support.

The rule will therefore be made absolute.