On the 5th day of April, 1886, the Holly Beach City Improvement Company conveyed for a consideration the land described in the bill of complaint to one Leverett Newcomb. The deed was recorded in the clerk's office of Cape May county on the 13th day of April, 1886.
On December 7th, 1925, by deed bearing said date, said Leverett Newcomb conveyed said premises to one Samuel Salkowe, which deed was recorded in the clerk's office aforesaid in book 417 of deeds, page 327; and on November 22d 1926, by deed bearing said date, said Salkowe and wife conveyed the same premises to one Gaetano Davi, which deed was duly recorded in the clerk's office aforesaid in book 435 of deeds, page 458.
On March 8th, 1887, the said Holly Beach City Improvement Company conveyed the same land to one Ephraim Hildreth, by deed dated the said day, and recorded in the said clerk's office on April 26th, 1887. Said Hildreth paid the taxes upon this land up to and including the year 1914.
He died on or about October 11th, 1925, testate, having appointed the present complainants, Mary Allena Hildreth and Llewellyn Hildreth, executors, who qualified.
The taxes for the year 1915 were not paid, and a sale was made for the non-payment thereof, and the city purchased the same. Thereafter, the city assigned same to one George M. Dare, who later assigned the same to the present complainants as executors and trustees.
The certificate executed by the collector of taxes of Wildwood to the city was dated November 13th, 1916, and duly recorded as a mortgage in the county clerk's office of Cape May in book 145 of mortgages, page 364. Thereafter the executors paid the taxes up to and including the year 1925.
Newcomb died in the year 1926, testate, and the defendant Vineland Trust Company is the sole surviving executor and trustee under his last will and testament.
The complainants file their bill praying for a declaratory decree, "declaring that complainants have a good and valid title to said lot declaring what the rights of complainants are." *Page 319 
"That an account may be taken of the amount due complainants for the taxes and assessments paid by the complainants, and by Ephraim Hildreth in his lifetime, to the city of Wildwood, and as well the charges so paid as required by the city of Wildwood for clearing, brushing and grading said lot of land, together with interest and costs in this behalf.
"That the defendants, or one of them, may be decreed to pay complainants the amount so found due, with interest and costs, by a short day, to be appointed by this court.
"That the amount so found due shall be a lien charged upon and against said land and premises until the amount so found due with interest and costs is paid to complainants.
"That in default of such payment at or before the time appointed by this court for said payment to be made, a writ offieri facias may issue to the sheriff of the county of Cape May, commanding him to make sale of said land and premises for the purpose of making the said sum of money so found to be due and to pay the same to complainants, with interest and costs."
At the hearing, and as discussed in the briefs, the question presented to the court is a statement of account, and the demand of the complainants that they be by some one repaid the taxes and charges paid by them upon the property.
To properly consider this question, the amount paid for taxes must be considered as three separate items:
1. Those paid prior to and including taxes for the year 1914.
2. Taxes and expenses for the year 1915, the non-payment of which precipitated the tax sale and issuance of the certificate.
3. Taxes since that time, up to and including the year 1925.
Hildreth obtained no title to the lands in question by virtue of the deed from the Holly Beach City Improvement Company to him, dated March 8th, 1887, said grantor having divested itself of title thereto by its deed to Newcomb, dated April 13th, 1886, which latter deed was duly recorded in the proper clerk's office. *Page 320 
The record of the deed to Newcomb was notice to all persons. 1Gen. Stat. p. 882 § 143, being section 1 of "An act respecting the record of transfer of real property," approved March 23d 1883, the law in force at the date of said recording.
Is Hildreth entitled to right of subrogation?
It is entirely settled that one who volunteers to pay another's debt has no claim to subrogation, but if he has an interest which is menaced by the existence of the debt, he is relieved of the character of a volunteer. Suydam v. Voorhees, 58 N.J. Eq. 157.
The complainant is therefore not entitled to be subrogated, and receive from either of the defendants, the amount the deceased or his executors have paid for taxes and other municipal liens prior to the tax certificate.
The second question is the amount the complainants are entitled to receive by reason of said tax certificate.
The owner is entitled to redeem by paying "the amount of purchase-money shown on the certificate with twelve per cent. interest thereon, together with such other fees and expenses as may be incurred by the purchaser under this act." P.L. 1903 p.431 § 57.
They are not entitled to have repaid to them the amount paid by them for taxes since the tax certificate. "The purchaser at his option may record the certificate of sale for taxes * * * as a mortgage of land and thereupon shall be entitled to the immediate possession, c." P.L. 1903 p. 431 § 56.
The rights of a private person purchasing at a tax sale are governed as to the owner's right of redemption, by the law in force at the time of sale. Rodgers v. Cressman, 98 N.J. Eq. 209
(at p. 215), and cases there cited.
In the cited case, Vice-Chancellor Berry used the following language, which is applicable and is adopted by me:
"The theory of the 1903 act, apparently, is that the purchaser is entitled to possession of the lands purchased upon recording the certificate of tax sale as a mortgage and is entitled to the rents and profits of the land without liability *Page 321 
for accounting to the owner. Anson v. Elwood, 76 N.J. Law 56.
This would seem to indicate that it was the idea of the legislature when the 1903 act was adopted, that the purchaser was obliged to pay the subsequent taxes while he had possession of the land in consideration of his right to occupy the same or to collect the rents.
"If it be said that to deny the tax purchaser the right to a refund of the subsequent taxes and municipal liens paid by him is a hardship, the answer is that the purchaser only is to blame for this result; that his own neglect has resulted in that hardship, as he might have served the notice to redeem or foreclosed his tax lien at any time after two years after the tax sale and either obtained title to the land or avoided the payment of subsequent taxes if redemption had been made.
"The instant case is distinguishable from the case of Smith
v. Specht, 58 N.J. Eq. 47, in that there a bill to redeem was filed by the owner of the land and the court held that the owner, coming into a court of equity, was obliged to do equity, and would be required to reimburse the tax purchaser for all subsequent municipal liens paid by him before redemption would be permitted, and also that the purchaser would be required to account to the owner for the rents and profits of the land received by him during his possession thereof. As stated above, this is not a case where the owner filed a bill to redeem, but the case sub judice is an application by the tax purchaser for a declaratory judgment, declaring such municipal liens paid by him to be a lien upon the premises.
"In my judgment, the rights of the parties are determined by the Tax act of 1903, and the complainants are not entitled to be reimbursed by the defendants for subsequent municipal liens paid by them."
I will advise a decree in accordance with the foregoing conclusions. *Page 322