[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 367 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 368 
The plaintiff desires by the prosecution of this action to eradicate any doubt concerning his title to a parcel of land which he acquired by purchase on August 5, 1927. The averments of the defendants' answer projected a controversial issue of a legal rather than equitable nature. At the pre-trial conference counsel expressly stipulated that the action be heard by me in the Chancery Division without a jury.
The plaintiff's deed descriptively locates the westerly boundary line of his property, but it is averred that the defendants, who own the adjoining property, have title by adverse possession to a narrow strip of less than two feet in width lying between that deed line and an existing hedgerow.
The facts required to establish title by adverse possession have been repeatedly identified in our reported decisions. The possession must necessarily be adverse and not permissive. It must be hostile as well as actual, visible, exclusive, and it must begin and continue for the whole statutory period.
The nature and character of the possession is a question of fact, and the obligation to prove all of the constituent elements of adverse possession devolves upon the party who alleges such a claim. Possession as a presumption of law is intended only in favor of the holder of the legal title.
I must be attentive to the expressions of our appellate courts concerning the quantum and quality of evidence inflexibly prescribed to escort a claim of adverse possession. A few examples will suffice. "Beyond a reasonable doubt," Rowland v.Updike, 28 N.J.L. 101; "positive evidence of the continuity and territorial extent of the possession," Baldwin v. Shannon,43 N.J.L. 596; "clear and positive proof," Shields v. Ivey,52 N.J.L. 280, 282, 19 A. 261; Northern R. Co. of New Jerseyv. Demarest, 94 N.J.L. 68, 108 A. 376; "made out clearly and positively, by a preponderance of the evidence," Mason v. HomeReal Estate Co., 90 N.J. Eq. 455, 456, 108 A. 4.
My conclusion in the present case is that the defendants have failed to prove by the requisite degree of relevant and credible proof an adverse occupation embracing all of the essential elements of a substantial claim of adverse possession.
Judgment for the plaintiff.