**In the Matter of EVERCHANGED, INC., Debtor.**

**Everchanged, Inc., Movant,**

**v.**

**First Nationwide Mortgage Corporation, Respondent.**

**Bankruptcy No. 98–43365.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Feb. 3, 1999.

Karen D. Barr, Michael H. Smith, Savannah, GA, for Movant/Plaintiff.

J. Keith Berry, Savannah, GA, for Respondent/Defendant.

### ORDER ON MOTION TO SET ASIDE FORECLOSURE AND TO IMPOSE SANCTIONS

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

On the day following the filing of this Chapter 11 petition Respondent, First Nationwide Mortgage Corporation ("FNMC"), having been provided with prior notice of the pendency of Debtor's case, conducted a nonjudicial foreclosure of certain real estate located in Chatham County, Georgia, after announcing that the sale would be subject to prior approval of this Court. Debtor contends that the FNMC's action in conducting the sale constitutes a willful violation of the automatic stay and seeks an order setting aside the foreclosure, awarding attorney's fees and damages. FNMC contends that its actions did not violate the automatic stay, that the Motion should be dismissed and that the creditor's action in conducting the sale should be approved insofar as to permit it to convey the property to the successful bidder.

### FINDINGS OF FACT

Debtor acquired title to the subject real estate in 1996 and assumed the obligation to repay a mortgage in favor of FNMC's predecessor. Debtor's president and sole share-

holder, Morris Hutson, has resided in the property since the acquisition of the real estate by the Debtor corporation. The property is strictly residential in nature and is not income producing, other than the monthly rental which Hutson incurs to the Debtor.

Over a period of many months, Debtor came to be in arrears in repayment of its monthly obligations to the extent of approximately $93,000.00. After FNMC advised that it intended to foreclose, an agreement was reached between the parties whereby the Debtor remitted the sum of $35,000.00 in cash and promised to pay FNMC the balance of $58,000.00 by October 22, 1998, in order to cure the arrearages (Ex. D–6). The source of the $35,000.00 remitted by Debtor was proceeds of a transaction between the Debtor and Beacon Group L.L.C. ("Beacon"). As a result of the transaction Beacon transferred $35,000.00 to the Debtor in exchange for a warranty deed conveying all of the Debtor's right, title and interest in the subject property to Beacon. (FNMC Response, Ex. A). The Debtor subsequently defaulted in making the October lump sum payment of $58,-000.00. FNMC, as a result of the default, proceeded with a previously scheduled foreclosure sale.

At the time of the foreclosure, therefore, record title to the property was vested in Beacon Group, L.L.C., and not in the Debtor. The Debtor alleges that it had a "potential" property interest in the subject real estate because of an unrecorded agreement whereby the Debtor could tender funds in an undetermined amount to Beacon, in exchange for which Beacon would reconvey title to the real estate. No written agreement was introduced in Court, however, and no such agreement appears of record in the Office of the Clerk of Superior of Chatham County, Georgia. Accordingly, for the purposes of this Motion it is clear that, at the time of filing, the Debtor's estate did not include the subject real estate, as a matter of record title.

In seeking to set aside the foreclosure sale, however, Debtor contends that the provisions of 11 U.S.C. § 362(a) are broad enough to protect the Debtor against the action undertaken by FNMC in conducting the foreclosure sale. Debtor bases this argument on the fact that the Debtor had not been released from legal liability for repayment of the mortgage at the time of the foreclosure and thus remained indebted to the creditor for the full balance due under the note. Debtor therefore contends that FNMC's action in conducting a nonjudicial foreclosure constitutes the "commencement or continuation of a[n] ... action ... against the Debtor" or to "recover a claim ... that arose" pre-petition. 11 U.S.C. § 362(a)(1). FNMC contends that the prohibition of actions found in 11 U.S.C. § 362(a)(1) and (6) apply only to *in personam* actions against the Debtor and not to an *in rem* foreclosure action.

FNMC further contends that while its action in conducting a foreclosure *on estate property* would be stayed by the provisions of 11 U.S.C. §§ 362(a)(3), (4) and (5), those sections are not triggered if the foreclosure is effected on non-estate property. Hence because the real estate had been conveyed pre-petition from the Debtor to Beacon, it was not estate property and accordingly those provisions are inapplicable. Having considered the relevant authority cited by the parties I hold as follows.

### CONCLUSIONS OF LAW

The automatic stay of 11 U.S.C. § 362(a)(3), (4), and (5) provides protection from actions of creditors taken against or to obtain "property of the estate" or "property of the debtor." If the subject property is not property of the estate or of the debtor, subsections (3), (4), and (5) will not prevent action by a creditor against the property.

"Property of the estate" is defined in 11 U.S.C. § 541. The reach of Section 541 is broad and includes all legal and equitable interests of the Debtor in property. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). The nature and existence of a debtor's interest in property is determined by looking to applicable state law. *In re Thomas*, 883 F.2d 991, 995 (11th Cir.1989) (citing *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917–918, 59 L.Ed.2d 136 (1979)). Once that interest has been defined, however, federal bankruptcy law determines the extent to which that

interest is property of the estate. *Id.* Here, Debtor had conveyed the property to Beacon and retained no record title. Debtor alleges that an option to repurchase the property constitutes a property interest under Georgia law, which is protected by the automatic stay. Even assuming that the evidence was sufficient to sustain a finding that an option existed, Debtor's contention is incorrect.[1]

■■■ An option to purchase land is not an interest in property under Georgia law. *Martin v. Schindley,* 264 Ga. 142, 143, 442 S.E.2d 239, 241 (1994). An option only becomes a contract "between the parties binding from the date of its execution when the option is exercised according to its terms... An option to purchase land does not, before acceptance, vest in the holder of the option any interest, *legal or equitable,* in the land which is the subject of the action." *Id.* (emphasis supplied). Whatever the alleged agreement between the parties, therefore, state law clearly does not afford a property interest to Debtor in this case. Since the alleged option to repurchase does not fall within the definition of "property of the estate" under Section 541, FNMC did not violate subsections (3), (4), or (5) by foreclosing on the property.

■■ Debtor alternatively contends that the foreclosure violated Section 362(1) and (6) because it potentially subjected Debtor to a deficiency judgment in the event that the foreclosure price did not pay the note on the property in full.[2] This argument was rejected by the Fourth Circuit in *In re Geris,* 973 F.2d 318, 320 (4th Cir.1992). Noting that the interest of a debtor in having the sale value of the property maximized is "too attenuated" to implicate the protections of the automatic stay, the Court examined the effect such an extension of Section 362 would have on other provisions of the Code:

> If we were to accept this interest as sufficient to invoke in [Debtor's] favor the automatic stay provision of 11 U.S.C. § 362(a), we would be cutting off foreclosure rights

of secured creditors in any property standing as security for a debt that happened to be guaranteed by a bankrupt. This cannot have been an intended function of the automatic stay provision, any more than it was intended to prevent a secured creditor from collecting from or foreclosing on the property of a bankruptcy debtor's guarantors or codebtors.

*Geris,* 973 F.2d at 321. In fact, Debtor's reading of Section 362(a) would render the "codebtor stay" of Section 1301 redundant and superfluous, in violation of "the elementary canon of construction that a statute should be interpreted so as not to render one part inoperative." *Colautti v. Franklin,* 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979).

Debtor's argument highlights the important distinction between a foreclosure, which is *in rem,* and an attempt by a creditor to enforce a deficiency judgment against the obligated Debtor, which is *in personam. In rem* foreclosure on non-estate property does not violate the automatic stay because Section 362(a)(3), (4) and (5) establish a nexus between the stay and estate property. However, an attempt to confirm the foreclosure and enforce a deficiency judgment against the Debtor would fall within the broad sweep of Section 362(a)(1) or (6) because those sections prohibit *in personam* actions against the Debtor. *See Matter of Russell Corporation,* 156 B.R. 347, 350 (Bankr.N.D.Ga.1993) (action to confirm foreclosure sale, as prerequisite under Georgia law to obtain deficiency judgment, falls under those actions prohibited by Section 362(a)).

Judicial confirmation does not always follow a foreclosure and did not in this case. A secured creditor must, if the foreclosure property is sold for less than the secured debt, obtain a judicial confirmation of the sale as a condition precedent to obtaining a deficiency judgment. O.C.G.A. § 44–14–161. Foreclosure against the property, however, is

---

1. In fact it does not appear that Debtor could carry this burden, given the potential issues related to the Statute of Frauds and the "best evidence rule," but in light of the discussion, *infra,* it is unnecessary to reach that conclusion.

2. In fact, the parties stipulated that the foreclosure price obtained was sufficient to pay FNMC in full and no deficiency judgment could ever arise in this case.

independent of and can be completed even when confirmation is denied. *In re Virginia Hill Partners I,* 110 B.R. 84, 86–87 (Bankr. N.D.Ga.1989). Thus, while an attempt to collect a deficiency violates the stay, the act of foreclosing against property outside of the bankruptcy estate does not. If the creditor elects not to pursue a deficiency, or if none exists there will never be an *in personam* action against the Debtor and Section 362(a)(1) and (6) is not implicated.

## ORDER

In consideration of the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the foreclosure conducted by First Nationwide Mortgage Corporation did not violate the automatic stay provisions of 11 U.S.C. § 362(a). The Motion to set that foreclosure aside is denied and First Nationwide Mortgage Corporation may proceed to consummate its sale.