In re Donald F. ST. CLAIR and Karen
M. St. Clair, Debtors.

Donald F. St. Clair and Karen
M. St. Clair, Appellants,

v.

Beneficial Mortgage Company, d/b/a,
Beneficial New Jersey, Inc., and First
Union, Mortgage Corporation, Appel-
lees.

Bankruptcy No. 99–55729 (KCF).
CIV. A. 00–151(MLC).

United States District Court,
D. New Jersey.

July 25, 2000.

Donald F. St. Clair, Karen M. St. Clair, Medford, NJ, pro se.

Laura Scurko Ward & Associates, Chester, NJ, for Beneficial New Jersey, Inc.

Jennifer Scanlon, Federman & Phelan, P.C., Westmont, NJ, for First Union Mortgage Corporation.

## MEMORANDUM OPINION

COOPER, District Judge.

This matter comes before the Court on an appeal by Donald and Karen St. Clair ("appellants" or "debtors") from an Order of the bankruptcy court dated October 15, 1999, which, *inter alia,* granted prospective relief from the automatic stay, and an Order dated December 2, 1999, denying appellants' motion for reconsideration and a stay pending appeal (collectively the "Orders"). The Orders provide that any future bankruptcy filed by the debtors would not impose an automatic stay of efforts by Beneficial Mortgage Company, d/b/a Beneficial New Jersey, Inc. ("Beneficial") to recover possession of real property located at 2625 Fenimore Road, Hainesport, New Jersey (the "Property"), which was owned by the debtors before Beneficial purchased the Property at a foreclosure sale. Appellants seek reversal of the Orders because the bankruptcy court's granting of prospective relief to Beneficial was inconsistent with the bankruptcy court's prior oral ruling denying such relief. The Court will dismiss the debtors' appeal because the debtors' lack of a property interest in, or a good-faith, colorable claim to possession of, the Property renders the appeal moot.[1]

In addition, the debtors have brought a motion for sanctions against Beneficial, Beneficial's attorney Laura Scurko, Esq. and her firm Ward & Associates, (Mot. for Sanctions filed 5–4–00), and a motion for contempt of court, fraud and/or sanctions against First Union Mortgage Corporation, Central Mortgage Co., their attorneys, Harold N. Kaplan, Esq., Rosemary Diamond, Esq., and Jennifer Scanlon, Esq., and their law firm, Federman and Phelan, P.C., (Mot. for Contempt of Ct.; Fraud and/or Sanctions filed June 23, 2000.) The Court will dismiss the motions without prejudice because the Court lacks subject matter jurisdiction over the issues raised in the motions.

## BACKGROUND

The Debtors were the owners of the Property and have lived there for approximately thirty years. (Reply to Def./Appellee's Mot. to Dismiss Appeal filed 4–3–00 ("Appellant's Reply") Ex. D: Aff. in Supp. of Mot. for Emergency Stay Pending Decision ¶ 5; Br. in Opp'n to Appeal ("Appellee's Br. in Opp'n") at 5.) Beneficial held a second mortgage on the Property and obtained a Final Judgment of foreclosure (the "Foreclosure Judgment") against Property in the Superior Court of New Jersey (the "State Court") on December 9, 1996. (Certif. in Opp'n to Appeal filed 4–24–00 ("Scurko Certif.") Exs. A: Foreclosure Judgment and C: Sheriff's Deed dated 10–5–98 ("Deed").) The debtors moved before the State Court to vacate the Final Judgment, which motion was denied on January 31, 1997. (*Id.* Ex. B: Order Den. Vacation of Default J.) A sheriff sale of the Property took place on September 24, 1998, and Beneficial was the successful bidder. (Deed.) The Debtors unsuccessfully objected to the sale in the State Court, (Certif. in Opp'n to Debtor's Mot. to Recons. Order Vacating the Stay and in Supp. of Prospective Relief dated 11–12–99 ¶ 3; Scurko Certif. Ex. D: Order Den. Mot. for the Hr'g of an Objection to the Sale filed 11–20–98), and Beneficial received a Sheriff's Deed for the Property on October 5, 1998. (Deed.)

On February 11, 1999, Beneficial obtained a Writ of Possession from the State Court declaring that the debtors have unlawfully deprived Beneficial of possession

---

1. Although not designated in the appellants' notice of issues presented on appeal, (*see* Statement of Record on Appeal and Issues to be Presented), appellants also seek the issuance of a stay pending appeal, (Notice to Appeal and Stay Pending Appeal from Order Grant. Prospective Relief against Donald and Karen St. Clair filed 12–13–99.) Appellants' request for a stay is rendered moot by the dismissal of their appeal as moot.

of the Property and requiring the Burlington County Sheriff to place Beneficial in possession of the Property without delay. (Scurko Certif. Ex. E: Writ of Possession.) On March 15, 1999, Beneficial obtained an Order to Post Writ of Possession because the Burlington County Sheriff was unable to personally serve the Writ of Possession on the debtors. (*Id.* Ex. F: Order to Post Writ of Possession.) The Writ of Possession was posted and an eviction of the debtors was scheduled by the Burlington County Sheriff for May 17, 1999. (Appellee's Br. in Opp'n at 6.)

On May 14, 1999, the debtors filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the District of New Jersey. (Bankruptcy docket sheet ("Docket").) On May 21, 1999, Beneficial moved for relief from the automatic stay. (*Id.*) Beneficial's motion was denied by the bankruptcy court on July 28, 1999. (*Id.*) On August 13, 1999, Beneficial moved for reconsideration of the July 28, 1999 decision. (*Id.*) Beneficial's motion was granted at a hearing on October 13, 1999, and the automatic stay was vacated as to Beneficial. (*Id.;* Order Vacating the Automatic Stay as to Real Property and Grant. Prospective Relief filed 10–15–99 ("10–15–99 Order"); Tr. of 10–13–99 Hr'g ("10–13–99 Tr.").) At the hearing, the bankruptcy judge orally denied Beneficial's request for prospective relief, (10–13–99 Tr.), but the signed Order that was later entered by the bankruptcy court included prospective relief, (10–15–99 Order). The Order provides that any future bankruptcy filed by the debtors would not impose an automatic stay of efforts by Beneficial to recover possession of the Property.

The debtors had moved for reconsideration of the bankruptcy judge's decision on 10–25–99, prior to receiving a copy of the signed Order. (Docket, Tr. of 12–1–99 Hr'g ("12–1–99 Tr.").) Beneficial and the debtors first learned that Beneficial had been granted prospective relief from the automatic stay during the hearing on the debtors' motion for reconsideration on December 1, 1999, when the attorney for Beneficial requested a copy of the prior Order. (Appellee's Br. in Opp'n at 6.) The bankruptcy court responded that the Order had gone out and that prospective relief had been granted. (12–1–99 Tr. at 15–16.) When the debtors reminded the judge that she had orally denied such relief, the judge stated, "If you want to get that changed, you've got to do something." (12–1–99 Tr. at 16.) The debtors' motion for reconsideration was denied. (Tr. of 10–13–99 Hr'g ("10–13–99 Tr."); Order Den. Mot. or Application for the Entry of an Order for Stay Pending Appeal and for Recons. filed 12–2–99 ("12–2–99 Order").)

Following argument on the debtors' motion for reconsideration, the bankruptcy court dismissed the debtors' case because the debtors no longer had an interest in the Property. (*Id.* at 13–14.) On December 7, 1999, Beneficial obtained an Order from the State Court ordering the Burlington County Sheriff to post an alias writ of possession at the Property. (Appellants' Reply Ex. E: Order to Post Alias Writ of Possession.) On December 13, 1999, the debtors filed the within appeal. (Notice of Appeal filed 12–13–99.) On February 24, 2000, the debtors moved before the State Court for an emergency stay pending this Court's resolution of the debtors' appeal. (*Id.* Ex. D: Notice Concerning Mot. to Vacate J. and Sale per NJRCP 4:50–1(b)(c) and (f) and Emergency Stay Pending Decision as per NJRCP 4:52–6.) On February 25, 2000, the State Court granted the debtors' motion. (Scurko Certif. Ex. G: Order for Emergency Stay.) The debtors are still in physical possession of the Property.

### DISCUSSION

Beneficial opposes the debtors' appeal, arguing that the appeal is moot because the debtors no longer have an interest in the Property. The Bankruptcy Code stays any act to obtain possession of property of, or from, the estate. *See* 11 U.S.C.

§ 362(a)(3). If Beneficial's acts to take possession of the Property would not be acts to take possession of property of, or from, the debtors' estate upon the debtors' refiling for bankruptcy, then the debtors' appeal would be moot because the automatic stay would not stay Beneficial's actions with respect to the Property.

■ It is well settled that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (citing *Oil Workers Union v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960)). The federal judiciary's inability to "review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (quotation and citations omitted); *see also Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) (citations omitted) ("The rule that this Court lacks jurisdiction to consider the merits of a moot case is a branch of the constitutional command that the judicial power extends only to cases or controversies.").

■ Thus, to be cognizable in federal court, an action must be definite and concrete, and must touch the legal relationship between adverse parties. The case must be a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Rice*, 404 U.S. at 246, 92 S.Ct. 402 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). Therefore, a case is moot if the questions presented are no longer "live" or the litigants do not have a legally cognizable interest in the result. *Powell*, 395 U.S. at 496, 89 S.Ct. 1944.

The threshold issue in this case is whether the interest of the debtors in the Property is one that is protected under section 362 of the Bankruptcy Code (the "Code"). *See In re Atlantic Bus. & Community Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) (determining whether interest of debtor in radio station and transmitter under a tenancy at sufferance constitutes a protected property interest under section 362).

Subsection 362(a)(3) provides that, except as set forth in subsection (b), the filing of a bankruptcy petition operates as a stay of "[a]ny act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3); *see also In re Atlantic Bus.*, 901 F.2d at 327. Thus, subsection 362(a)(3) stays any act to: (1) obtain possession of, or exercise control over, "property of the estate" (that is, property of the debtor as of the date of the filing of the petition), or (2) obtain possession of "property from the estate" (property over which the estate has control or possession). *See* 11 U.S.C. § 362(a)(3); 11 U.S.C. § 361 note (Revision Notes and Legislative Reports 1978 Acts) (hereinafter "362 Legislative History"). The Court will first address whether the Property could be deemed "property of the debtor as of the date of the filing of [a future bankruptcy] petition." 362 Legislative History.

### Property of the Estate

Section 541 of the Bankruptcy Code enumerates the types of property interests that are included in "property of the estate" and thus the property that is protected by the automatic stay of section 362. 11 U.S.C. § 541; *Atlantic Bus.*, 901 F.2d at 327–28. "The estate is defined broadly to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *In re Stoltz*, 197 F.3d 625, 629 (2d Cir.1999) (quoting 11 U.S.C. § 541(a)(1)); *see also Atlantic Bus.*, 901 F.2d at 327.

■ In determining the legal and equitable interests of the debtors in the Property, the Court must look to state law. *See, e.g., Stoltz,* 197 F.3d at 630–31 (looking to Vermont law to determine the debtor's interest, if any, in rental property). We will look to New Jersey law because the Property is located in New Jersey.

■ Under New Jersey law, the debtors' right and title to the Property, including the equitable right of redemption,[2] is extinguished upon delivery of a sheriff's deed to the purchaser (if no objections are filed) or until an order confirming the sale is entered (if objections are filed). *See* 30 *New Jersey Practice,* Law of Mortgages §§ 371 (1975) and cases cited therein; 21 *New Jersey Practice,* Skills and Methods §§ 2388–93 (3d ed.1995) and cases cited therein; N.J. Court R. 4:65–5; *In re Downing,* 212 B.R. 459 (Bankr.D.N.J. 1997); *In re Mullarkey,* 81 B.R. 280, 283 (Bankr.N.J.1987); *Union County Sav. Bank v. Johnson,* 210 N.J.Super. 589, 594, 510 A.2d 288 (Ch.Div.1986). It is undisputed that a sheriff's deed has been delivered to Beneficial as the purchaser at the foreclosure sale of the Property. (Deed.) Thus, at most the debtors may have a possessory interest in the Property.

The Third Circuit has held that "a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362." *Atlantic Bus.,* 901 F.2d at 328; *see also* 11 U.S.C. § 541 note (Revision Notes and Legislative Reports 1978 Acts) (hereinafter "541 Legislative History") ("The debtor's interest in property includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example."). Thus, we must determine whether the debtors have a possessory interest in the Property under New Jersey law.

■ Under New Jersey law, "[a] purchaser at a mortgage foreclosure sale obtains the legal right to possession of land purchased as soon as he obtains a deed from the selling officer." 30 *New Jersey Practice,* Law of Mortgages § 373. The mortgagor's continued possession of the property after such time is that of a tenant at sufferance. *See Caruso v. Hunt,* 69 N.J.Super. 447, 452, 174 A.2d 381 (Ch.Div. 1961) (quoting 2 C.J.S. Adverse Possession § 105, page 659). Where the foreclosure judgment expressly awards possession to the purchaser, the purchaser is entitled, on application to the clerk of the court, to a writ of possession directed to the sheriff, who will be under a duty to place the purchaser in full and complete possession of the property. *See* New Jersey Court Rule 4:59–2(b); 30 *New Jersey Practice,* Law of Mortgages § 373, 377. Thus, upon issuance of a writ of possession, any possessory interest a mortgagor has vis-a-vis the purchaser, whether by tenancy at sufferance or otherwise, is expunged.[3] *See Mullarkey,* 81 B.R. at 283.

**2.** A deficiency judgment on a bond or a note reopens a foreclosure and gives a mortgagor six months within which to statutorily redeem a foreclosed property. *See* N.J. Stat. Ann. § 2A:50–4; 21 *New Jersey Practice,* Skills and Methods § 2393–94. A deficiency action must be commenced within 3 months from the date of the sale, or if confirmation was required, from the date of the confirmation of the sale of the mortgaged premises. N.J. Stat. Ann. § 2A:50–2. The foreclosure sale of the Property was confirmed on November 20, 1998. (Scurko Certif. Ex. D: Order Den. Mot. for the Hr'g of an Objection to the Sale filed 11–20–98). It appears that Beneficial did not file a deficiency action within three months following confirmation of the foreclo-sure sale and, thus, is now barred from filing such an action. It appears, therefore, that the debtors do not have a statutory right of redemption with respect to the Property.

**3.** It has been stated that "[n]aked possession vests a sufficient property right in the possessor to permit him to hold land against every one except the true owner," 73 C.J.S. Property § 29 (1983), *see also Winkler v. Hartford Accident & Indem. Co.,* 66 N.J.Super. 22, 27, 168 A.2d 418 (App.Div.1961), "but as against the true owner the possessor has no rights except those of a trespasser." 73 C.J.S. Property § 29. There is no dispute that Beneficial is the true owner of the Property and is entitled to its possession. (Deed; Scurko Certif.

The Foreclosure Judgment awarded possession of the Property to the purchaser at the sheriff sale. (*See* Scurko Certif. Ex. A.) Beneficial was the successful bidder at the sheriff sale and received a Sheriff's Deed for the Property on October 5, 1998. (Deed.) On February 11, 1999, Beneficial obtained a Writ of Possession from the State Court declaring that the debtors have unlawfully deprived Beneficial of possession of the Property and requiring the Burlington County Sheriff to place Beneficial in possession of the Property without delay. (Scurko Certif. Ex. E: Writ of Possession.) Thus, the Property would not be property of the debtors' estate upon the filing of a future bankruptcy.

Although the Property would not be property "of" the estate upon the filing of a future bankruptcy, the debtors appeal is not moot if acts by Beneficial to take possession of the Property would constitute acts to obtain possession of property "from" the debtors' estate. *See* 11 U.S.C. § 362(a)(3). Therefore, we must next determine whether acts taken by Beneficial to physically remove the debtors from the Property would be acts to obtain possession of property "from the estate."

*Property from the Estate*

It appears that some courts have either specifically or impliedly limited the acts stayed by section 362(a)(3) of the Code to acts to obtain possession, or control, of "property of the estate." *See, e.g.,* *Piccolo v. Dime Savings Bank,* 145 B.R. 753 (N.D.N.Y.1992); *In re Dudley,* 38 B.R. 666, 670–71 (M.D.Pa.1984). Our reading of section 362(a)(3) and the legislative history leads us to the conclusion that section 362(a)(3) is designed to cover actions taken to obtain possession of property "from the

[debtors'] estate" as well. *See* 11 U.S.C. § 362(a)(3); 362 Legislative History ("property from the estate" defined as "property over which the estate has control or possession"); 541 Legislative History ("debtor's interest in property includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest"). *Accord Atlantic Business,* 901 F.2d at 328 ("The language of Section 362 makes clear that mere possession of property at the time of filing is sufficient to invoke the protections of the automatic stay.").

The language of section 362(a)(3) provides that the automatic stay applies to any act to obtain possession of "property from the estate." 11 U.S.C. § 362(a)(3). The legislative history distinguishes "property of the estate" from "property from the estate."

> Paragraph (3) stays any act to obtain possession of property of the estate (that is, property of the debtor as of the date of the filing of the petition) or property from the estate (property over which the estate has control or possession). The purpose of this provision is to prevent dismemberment of the estate. Liquidation must proceed in an orderly fashion. Any distribution of property must be by the trustee after he has had an opportunity to familiarize himself with the various rights and interests involved and with the property available for distribution.

362 Legislative History.

Although we conclude that section 362(a)(3) stays acts to obtain possession of property from the estate, we believe that, by use of the term "possession," Congress intended that the estate have a good-faith, colorable claim to possession.[4]

Ex. E: Writ of Possession.) Thus, even if the Property were "property of the estate" vis-a-vis everyone except the true owner, the Property is not "property of the estate" vis-a-vis Beneficial. Accordingly, even if the automatic stay could be invoked against everyone but Beneficial on the ground that the Property is

property of the debtors' estate, the debtors would be estopped from claiming that the Property was property of the estate vis-a-vis Beneficial.

4. We note that section 362(a)(3) does not say "property from the debtor." Congress certainly could have used such language when it

*Cf. California Sec. Management Corp. v. Kennedy,* 39 B.R. 995, 997 (C.D.Cal.1984) ("The Court believes that, by use of the term 'possessory interest' [in legislative history to 11 U.S.C. § 541,] Congress intended that the debtor have a right to possession."). Therefore, we hold that "property from the estate" encompasses property in the possession or control of the trustee or the debtor-in-possession, but only to the extent the trustee or debtor-in-possession has a good-faith, colorable claim to possession or control of the property.[5] In so holding, we note that the purpose of the stay is to give the bankruptcy estate and its fiduciary, either the trustee or the debtor-in-possession, an opportunity to (1) familiarize himself with the various rights and interests involved and with the property available for distribution, and (2) gather together the assets of the estate, determine their value, and liquidate or reorga-

nize them. 362 Legislative History. This goal is not achieved by applying the stay to a purchaser's attempt to obtain possession of residential real property wrongfully being held by the debtor/former owner, when the debtor has no good-faith, colorable claim to possession and the purchaser's right to possession is not in dispute.[6] *Accord In re Smith,* 105 B.R. 50 (Bankr. C.D.Cal.1989). Beneficial's right to possession is not in dispute because it has already been established in the State Court action.[7]

We do not believe our holding conflicts with the Third Circuit's holding *In re Atlantic Business & Community Corporation.* In that case, the Third Circuit found that acts of a landlord to dispossess a tenant at sufferance were stayed by section 362(a)(3) of the Code. 901 F.2d at 328. The Third Circuit stressed the fact that

drafted the Code. Accordingly, we do not believe Congress intended to stay every act to obtain possession of property from the debtor but only acts to obtain possession of property being held for the benefit of the estate. We believe it is appropriate to interpret "property from the estate" less broadly when property of the estate is not implicated because a literal reading of the "property from the estate" language may in some circumstances lead to illogical and unintended results. To do otherwise would effectively sanction acts of trespass committed by debtors against the rights of the public with no justifiable benefit to the estate. For example, a party who finds a debtor living in his home upon returning from an extended vacation should not have to seek relief from the automatic stay to reclaim possession when the debtor has no good faith claim to possession of the home and the owner's right to possession of the home is not in dispute.

5. In so holding, we depart from cases appearing to recognize a debtor's right to invoke the protection of the automatic stay regardless of whether he has a good-faith, colorable claim to possession. *See, e.g., In re R.R.S., Inc.,* 7 B.R. 870, 872 (Bankr.M.D.Fla.1980); *In re G.S.V.C. Restaurant Corp.,* 3 B.R. 491 (Bankr. S.D.N.Y.1980).

6. The fact that property of the estate might be located in the Property upon the debtors' refiling for bankruptcy is not a sufficient basis upon which to apply the automatic stay to the

acts taken with respect to the Property. In that case, Beneficial would be obligated to deliver such property to the trustee, or the debtor-in-possession, unless such property were of inconsequential value or benefit to the estate. *See* 11 U.S.C. § 542(a). If further protection were required, the debtors would still be entitled to move for appropriate protection pursuant to section 105 of the Code, which authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code." 11 U.S.C. § 105(a).

7. The debtors' attempts to reopen the foreclosure action and to object to the sheriff sale were denied. (*See* Scurko Certif. Ex. B: Order Den. Vacation of Default J and Ex. D: Order Den. Mot. for the Hr'g of an Objection to the Sale filed 11–20–98.) Upon issuance of a writ of possession, Beneficial's right to possession over the debtors was established. (Scurko Certif. Ex. E: Writ of Possession.) It appears that the debtors failed to appeal the State Court's rulings and the time to appeal those rulings has expired. *See* New Jersey Court Rule 2:4–1 (appeals from judgments of courts shall be taken within 45 days of their entry). Because collateral estoppel principles apply in bankruptcy proceedings, *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), *In re Brown,* 951 F.2d 564, 568 (3d Cir.1991), Beneficial's right to possession over the debtors is not in dispute.

the debtor was effectively in possession of the property *with the lessor's permission* when the debtor's bankruptcy action commenced, in holding that the lessor's actions to obtain possession of the property were stayed. *Atlantic Bus. & Community Corp.*, 901 F.2d at 328. Thus, in *Atlantic Business,* the debtor had at least an equitable interest the property. *Id.*

We conclude, therefore, that acts by Beneficial to obtain possession of Property would not be stayed by section 362(a)(3) of the Code upon the debtors' refiling for bankruptcy.

*Sections 362(a)(1) and (2)*

 Although not specifically addressed in the parties' briefs, the Court notes that the Bankruptcy Code stays the commencement or continuation of judicial proceedings against a debtor, personally, *see* 11 U.S.C. § 362(a)(1), and the enforcement against a debtor, personally, of a prepetition judgment, *see* 11 U.S.C. § 362(a)(2). Thus, even if Beneficial's acts with respect to the Property are not stayed by section 362(a)(3) of the Code, if Beneficial's acts would be stayed by section 362(a)(1) or 362(a)(2), the debtors' appeal would not be moot. Therefore, we will address whether Beneficial's acts with respect to the Property would be independently stayed by section 362(a)(1) or 362(a)(2) of the Code.

Among other things, section 362(a) of the Code stays:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor

that arose before the commencement of the case under this title; [and]

(2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) and (2).

 Under New Jersey law "[a] foreclosure action is purely quasi-in-rem, affording relief only against the secured property." *Resolution Trust Corp. v. Berman Indus., Inc.*, 271 N.J.Super. 56, 62, 637 A.2d 1297, 1300 (Law Div.1993). Thus, although a suit on the bond or note, which is in personam, *id.*, would be stayed by section 362(a)(1) and efforts to enforce a judgment rendered in such an action would be stayed by section 362(a)(2), commencement or continuation of a foreclosure sale, or enforcement of a foreclosure judgment is not stayed by sections 362(a)(1) and 362(a)(2).[8] *See, e.g., In re Everchanged, Inc.*, 230 B.R. 891 (Bankr. S.D.Ga.1999) (holding that section 362(a)(1) did not stay foreclosure action against property in which debtor no longer had property interest under Georgia law). This conclusion is supported by the legislative history of sections 362(a)(1) and 362(a)(2). *See* 362 Legislative History (noting that section 362(a)(1) would allow a judgment creditor "to proceed by way of foreclosure against [specific] property, but not by a general writ of execution against the debtor and all of the debtor's property"); *id.* (noting that effect of section 362(a)(2) is that "execution and levy against the debtors' pre-petition property are stayed, and attempts to collect judgment from the debtor personally are stayed"). Thus, efforts to enforce a writ of possession issued in connection with a New Jersey foreclosure sale would not be stayed by these sections.[9] Therefore, un-

8. We note that even if section 362(a)(1) stays a quasi-inrem foreclosure action, this section would not act as a stay of Beneficial's efforts to enforce the writ of possession because Beneficial's foreclosure action has already been concluded.

9. Some courts have addressed whether acts taken in connection with a foreclosure action would violate the automatic stay provision by reference to section 362(a)(1) or 362(a)(2). *See, e.g., Taylor v. Slick,* 178 F.3d 698, 701–02 (3d Cir.1999) (not addressing 362(a)(3) in holding that the postponement or continua-

der New Jersey law, Beneficial's acts to obtain possession of the Property would be acts to enforce a judgment against the Property, not acts to enforce a judgment against the debtors. *See Resolution Trust Corp.*, 271 N.J.Super. at 62, 637 A.2d 1297. We hold, therefore, that enforcement of Beneficial's foreclosure judgment against the Property, including any and all steps necessary to take full and complete possession, would not be stayed by sections 362(a)(1) and 362(a)(2) of the Code.[10]

For the foregoing reasons, we conclude that acts by Beneficial to obtain possession of Property would not be stayed by section 362 of the Code upon the debtors' refiling for bankruptcy. Accordingly, the debtors' appeal shall be dismissed as moot.

*Motions for Sanctions*

■ "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders, and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]." 28 U.S.C. § 158(a). Section 158 does not vest

the Court with jurisdiction over motions for the imposition of sanctions. *See In re Forseen, Inc.*, 81 B.R. 903, 905 (N.D.Ill. 1987). The debtors' motions were not ruled on by the bankruptcy court and are not the subject of the debtors' appeal. Therefore, the Court is without jurisdiction to rule on the debtors' motions.

■ Even if the Court had jurisdiction to decide the motions, we would refuse to exercise jurisdiction under the facts of this case. "[T]he filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with matters raised by such appeal," *In re Wonder Corp. of Am.*, 81 B.R. 221, 224 (Bankr. D.Conn.1988), but not of jurisdiction of matters that are "uniquely separable" and collateral from the merits of the appeal, *see Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir.1988) (holding that post-appeal Rule 11 motion for sanctions was "uniquely separable" and collateral from decision on the merits); *cf. White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (holding that application for attorneys fees under 42 U.S.C.

tion of a sheriff's sale during pendency of automatic stay does not violate section 362(a)(1)); *Soares v. Brockton Credit Union*, 107 F.3d 969 (1st Cir.1997) (not discussing 362(a)(3) in holding that post-petition entry of default order and judgment of foreclosure by state court violated section 362(a)(1)), *Sunshine Dev., Inc. v. Federal Deposit Ins. Corp.*, 33 F.3d 106, 112 (1st Cir.1994) (relying on 362(a)(1) and 362(a)(3) in holding that continuance of foreclosure action violated automatic stay), *In re Mullarkey*, 81 B.R. 280 (Bankr. D.N.J.1987) (citing sections 362(a)(1–4) in holding that mortgagee's directing sheriff to schedule sheriff sale violated automatic stay). We are aware of no cases, however, finding such a violation in the absence of a violation of section 362(a)(3). In fact, many courts addressing the issue have relied solely upon section 362(a)(3) or have found that sections 362(a)(1) and 362(a)(2) do not apply absent a violation of section 362(a)(3). *See, e.g., In re Everchanged, Inc.*, 230 B.R. 891 (Bankr. S.D.Ga.1999) (holding that foreclosure of property that was not part of debtor's estate did not violate section 362(a)(1)); *In re Smith*, 224 B.R. 44 (Bankr.E.D.Mich.1998) (not dis-

cussing sections 362(a)(1) and 362(a)(2) in holding that foreclosure sale violated section 362(a)(3)); *In re Cameron*, 164 B.R. 428 (Bankr.D.Conn.1994) (not discussing sections 362(a)(1) and 362(a)(2) in holding that commencement of foreclosure action violated section 362(a)(3)). To the extent any of the above cases stand for the proposition that section 362(a)(1) or 362(a)(2) would stay efforts by a purchaser to enforce a writ of possession issued in connection with a New Jersey foreclosure sale, we respectfully disagree.

10. Even if sections 362(a)(1) and 362(a)(2) would stay continuation of a quasi-in-rem foreclosure action, or enforcement of a foreclosure judgment, for the reasons previously expressed in connection with section 362(a)(3), we do not believe Congress intended sections 362(a)(1) and 362(a)(2) to stay actions to remove a debtor from property under the circumstances of this case, in which the debtors have no interest in, and no good-faith, colorable claim to possession of, the foreclosed property.

§ 1988 was "uniquely separable" from the matters to be proved at trial). "The divestment of jurisdiction is meant to preserve the integrity of the appellate process by avoiding the needless confusion which would assuredly flow from putting the same issue before two courts at once." *Id.* The debtors' motions for sanctions and contempt are completely unrelated to the issues raised on appeal. In addition, some of the parties to the motions are not even parties to the appeal.[11] Finally, the factual issues raised in the debtors' motion have not been developed by the bankruptcy court, which is in a better position to evaluate the propriety of the conduct of the parties and counsel that have appeared before it. For these reasons, we decline to exercise jurisdiction over the debtors' motions for sanctions or for contempt. Accordingly, the debtors' motions are dismissed without prejudice to the debtors' right to refile the motions with the bankruptcy court.

---

**11.** Laura Scurko, Esq. and her firm Ward & Associates, Central Mortgage Co., their attorneys, Harold N. Kaplan, Esq., Rosemary Diamond, Esq., and Jennifer Scanlon, Esq., and their law firm, Federman and Phelan, P.C., are not parties to this appeal. In addition, although First Union Mortgage Corporation is technically a party to the appeal, the Orders do not affect its rights and it lacks standing with respect to the merits of the debtors' appeal. *Cf. Bartels v. Sports Arena Employees Local 137,* 838 F.2d 101, 104 (3d Cir.1988) (holding that a client lacks standing to challenge on appeal the imposition of sanctions against its attorneys).