**In the Matter of Michael D. RANDALL and Debra A. Randall, Debtors.**

**Michael D. Randall and Debra A. Randall, Appellants,**

v.

**Equicredit Financial Services Corp., Appellee.**

CIV. A. No. 00–6083 (MLC).
Bankruptcy No. 00–59168 (SAS).

United States District Court, D. New Jersey.

June 12, 2001.

Allen I. Gorski, Robert L. Schmidt, Teich, Groh, Frost & Zindler, PC, Trenton, NJ, for Debtor–Appellants.

John O'Boyle Stern, Lavinthal, Frankenberg, Nogaard & Kapnick, LLC, Englewood, NJ, for Equicredit Financial Services Corp.

Adam D. Greenberg, Honig & Greenberg, L.L.C., Voorhees, NJ, for Life Center Academy.

### AMENDED MEMORANDUM OPINION

COOPER, District Judge.

This matter comes before the Court on appeal from the bankruptcy court decision denying the debtor's motion to extend the redemption period and granting the mortgagee's motion to vacate the automatic stay. (*See* 11–14–00 Tr.; Order filed 11–20–00.) The issue before us is whether the debtors' right to cure a default on their mortgage expires at the end of the foreclosure sale (the "gavel rule") or when the sheriff delivers the deed to the successful bidder at the auction (the "deed-delivery" rule). Concluding that the right to cure default terminates when the sheriff delivers the deed to the successful bidder, we will reverse the bankruptcy court's decision.

### *BACKGROUND*

The facts are undisputed. The debtors had defaulted on a loan secured by a mortgage on their primary residence. (Br. of Appellants dated 1–8–01 ("Appellants' Br.") at 3; Br. of Appellee dated 1–28–01 ("Appellee Br.") at 7.) The Superior Court of New Jersey granted the mortgagee, Equicredit, a final judgment of foreclosure on May 17, 2000. (Appellee's Br. at 7.) A public foreclosure sale was conducted on August 28, 2000 at which Equicredit was the successful bidder on the residence. (Appellants' Br. at 4; Appellee's Br. at 7.)

The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 6, 2000, extending the redemption period to October 27, 2000 pursuant to 11 U.S.C. 108(b). (Appellants' Designated Record on Appeal ("DRA") Ex. 1: Chapter 13 Petition filed 9–6–00.) On September 27, 2000 they filed their Chapter 13 Plan and a motion to extend

the redemption period. (DRA Ex. 4: Mot. to Extend Redemption filed 9–27–00.) Through their Chapter 13 Plan, the debtors proposed to reinstate their mortgage loan with Equicredit and to cure their default. Equicredit opposed the motion and cross-moved for an order vacating the automatic stay. (DRA Ex. 8: Cross Mot. dated 11–1–00.)

At a November 14, 2000 hearing, the bankruptcy court held that the debtors' right to cure had terminated on August 28, 2000 at the close of the sheriff's sale. (11–14–00 Tr. at 5.) The bankruptcy court accordingly denied the debtors' motion to extend the redemption period and granted Equicredit's cross-motion for stay relief. (11–14–00 Tr. at 5–7; Order filed 11–20–00.) The debtors filed this appeal on December 15, 2000 and the bankruptcy court imposed an automatic stay pending appeal.

### DISCUSSION

■ In reviewing an order of the bankruptcy court, the district court applies a clearly erroneous standard to the bankruptcy court's findings of fact, and a *de novo* standard to the bankruptcy court's legal conclusions. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir.1989); *In re Reid*, 757 F.2d 230, 233 (10th Cir. 1985); *In re Morrissey*, 717 F.2d 100, 104 (3d. Cir.1983). The issue on appeal is whether the bankruptcy court erred in its application of New Jersey law to 11 U.S.C. 1322(c) in denying the debtors' motion to extend the redemption period and granting the mortgagee's motion to vacate the automatic stay. Because the only issue to resolve is a legal one, and there are no factual findings to review, our review is plenary.

The bankruptcy court ruled that the debtors' right to cure the default on their mortgage loan contract terminated at the end of the foreclosure auction. (11–14–00 Tr. at 5; Order filed 11–20–00.) In applying this so-called "gavel rule" the court relied on its previous decision in *In re Hric*, 208 B.R. 21 (Bankr.D.N.J.1997), in which it ruled that, after the foreclosure auction, a debtor has no right to cure a default under section 3222(c)(1). 208 B.R. at 26. Debtors argue that the right to cure expires when the sheriff delivers the deed to the successful bidder at the auction sale. (Appellants' Br. at 8–11.)

■ A debtor's right to cure a mortgage-loan default through a Chapter 13 Plan is established by 11 U.S.C. § 1322(c), providing in relevant part:

(c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law. . . .

Subsections (b)(3) and (5) provide:

(b) . . . the [Chapter 13] plan may—

(3) provide for the curing or waiving of any default;

. . .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due. . . .

11 U.S.C. § 1322(b). Accordingly, under section 1322(c)(1), the debtors' right to cure their default terminates when the property "is sold at a foreclosure sale." Section 1322(c)(1) must be read in conjunction with New Jersey state law to determine when the property is considered to be "sold." *See, e.g., In re Downing*, 212 B.R. 459, 465 (Bankr.D.N.J.1997).

Under New Jersey law, a mortgagor is permitted to redeem within a ten-day period after the foreclosure auction, as provided in N.J. Court R. 4:65–5, or until an order confirming the sale is entered if objections are filed. *See Hardyston Nat'l Bank v. Tartamella*, 56 N.J. 508, 267 A.2d 495 (1970). New Jersey courts construing this rule have held that this right to redemption is not extinguished until the delivery of the deed by the sheriff, typically at the end of the ten-day period.

> The delivery of the deed ... became the final cut-off of the right of redemption—and still is. Substituted for the time gap between sale and order of confirmation under the old practice [requiring a motion to confirm a sale], was a minimum ten-day period to allow an objector to file and serve a motion on interested parties. The ten-day period was a minimum because the motion could still be filed thereafter so long as the sheriff had not delivered his deed.

*E. Jersey Sav. & Loan Ass'n v. Shatto*, 226 N.J.Super. 473, 544 A.2d 899 (Ch.Div. 1987); *Union County Sav. Bank v. Johnson*, 210 N.J.Super. 589, 510 A.2d 288 (Ch. Div.1986) ("New Jersey's equity of redemption ... is available to the mortgagor prior to the delivery of the deed.").

Until the equity of redemption is extinguished, a debtor still retains an interest in the property. Therefore, as we have previously concluded in *St. Clair v. Beneficial Mortgage Co.*, 251 B.R. 660, 665 (D.N.J.2000), under New Jersey law, a debtor's right and title to the property "is extinguished upon delivery of a sheriff's deed to the purchaser (if no objections are filed) or until an order confirming the sale is entered (if objections are filed)." *See also* 30 *New Jersey Practice*, Law of Mortgages §§ 371 (1975) and cases cited therein; 21 *New Jersey Practice*, Skills and Methods §§ 2388–93 (3d ed.1995) and cases cited therein; N.J. Court R. 4:65–5; *In re Downing*, 212 B.R. 459 (Bankr.

D.N.J.1997); *In re Mullarkey*, 81 B.R. 280, 283 (Bankr.N.J.1987); *Union County*, 210 N.J.Super. at 594, 510 A.2d 288. Absent objections, legal title does not vest, and thus the sale is not complete, until the sheriff delivers the deed. *Union County*, 210 N.J.Super. at 592, 510 A.2d 288.

Section 1322(c)(1) allows a debtor to cure until the foreclosure sale is complete. 11 U.S.C. § 1322(c)(1). Given that the sale is not complete until the delivery of the deed, the debtors retain their right to cure the default until then. In the case before us, it appears the deed was not delivered before the debtors filed their Chapter 13 petition proposing to cure their default under their mortgage loan contract and to reinstate that loan contract. Accordingly, we find the debtors' right to cure has not been extinguished. We reverse the bankruptcy court's decision denying the debtors' motion to extend the redemption period to allow curing of the mortgage default and granting the mortgagee's motion to vacate the automatic stay. An appropriate order accompanies this opinion.